IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| THE CONNOR GROUP, A REAL ESTATE INVESTMENT FIRM, LLC, | : | CASE NO. 3:17-cv-246 |
| 10510 Springboro Pike Miamisburg, Ohio 45342, | : | JUDGE: |
| | : | |
| Plaintiff | : | |
| v. | : | |
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON SUBSCRIBING TO POLICY NO. B128413102W16 | : | **COMPLAINT** |
| c/o Mendes and Mount 750 Seventh Avenue New York, New York 10019-6829 | : | **JURY DEMAND ENDORSED HEREON** |
| | : | |
| and | : | |
| ASPEN SPECIALTY INSURANCE COMPANY | : | |
| c/o CT Corporation System 314 East Thayer Avenue Bismarck, North Dakota 58501-4018 | : | |
| SERVE ALSO: | : | |
| 175 Capital Boulevard Rocky Hill, Connecticut 06067-3914, | : | |
| Defendants. | : | |

_____

Plaintiff The Connor Group, A Real Estate Investment Firm, LLC, for its

Complaint against Defendants Certain Underwriters at Lloyd's, London Subscribing to Policy

No. B128413102W16 and Aspen Specialty Insurance Company, alleges as follows:

## NATURE OF THE ACTION

1.      This action arises out of losses caused by hail damage to Plaintiff's commercial property, and the failure of Defendants to pay Plaintiff for its losses pursuant to the terms of the insurance policies covering the losses. By this action, Plaintiff seeks a declaratory judgment regarding the rights and obligations of the parties, and payment for its losses and expenses based upon the Defendants' respective obligations under the policies to pay for such losses.

## PARTIES

2.      The Connor Group, A Real Estate Investment Firm, LLC ("Connor Group") is an Ohio limited liability company with its headquarters in Miamisburg, Ohio. Connor Group's members consist of key employees within the organization, the majority of whom reside in Ohio; none of Connor Group's members reside in New York, North Dakota or Connecticut.

3.      Upon information and belief, Defendant Certain Underwriters at Lloyd's London Subscribing to Policy No. B128413102W16 ("Lloyd's") are insurance underwriting syndicates located in London, England. The Syndicates subscribing to Policy No. B128413102W16 (the "Lloyd's Policy") are Apollo Underwriting, ArgoGlobal, Hiscox, Talbot Underwriting, and Starstone. Although the syndicates are located in London, England, pursuant to the terms of the Lloyd's Policy, the Syndicates agreed that service of process may be made upon Mendes and Mount, 750 Seventh Avenue, New York, N.Y. 10019-6829.

4.      Upon information and belief, Aspen Specialty Insurance Company ("Aspen") is an insurance company incorporated in North Dakota with its principal place of

business in Rocky Hill, Connecticut.  Aspen subscribed to Policy No. PRAG48V16 (the "Aspen Policy").

## JURISDICTION AND VENUE

5.     Jurisdiction of this action is proper in this Court pursuant to 28 U.S.C. §1332(a) in that complete diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.     This Court has venue over this action pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district, in that the Policies at issue were negotiated, executed and required to be performed in this district, the subject matter of the Policies were located in this district, Defendants have refused to pay the claims of Connor Group as required under their insurance Policies, and Connor Group has been harmed in this district.

## THE POLICIES PROVIDE COVERAGE FOR COMMERCIAL PROPERTY DAMAGE

7.     Connor Group purchased a policy of insurance from Lloyd's, effective February 27, 2016 through February 27, 2017, which covers Connor Group for all risks of direct physical loss or damage.  A true and accurate copy of the Lloyd's Policy No. B128413102W16 is attached to the Complaint as Exhibit A.

8.     Connor Group purchased a policy of insurance from Aspen, effective February 27, 2016 through February 27, 2017, which covers Connor Group for physical loss or damage to commercial property.  A true and accurate copy of the Aspen Policy No. PRAG48V16  is attached to the Complaint as Exhibit B.

9.     The Lloyd's Policy includes coverage for, among other things, damage to Connor Group's real and personal property, and includes coverage for replacement cost.

10. The Aspen Policy includes coverage for, among other things, damage to Connor Group's buildings and business personal property, and includes coverage for replacement cost.

11. The Lloyd's Policy and Aspen Policy (collectively, "the Policies") have a $5,000,000 limit per occurrence.

12. The Insurers each insure 50% of the overall risk insured by the Policies.

13. Connor Group paid Lloyd's and Aspen (collectively, "the Insurers") all premiums due under the Policies.

## THE PROPERTY DAMAGE CLAIM

14. Through corporate affiliates and investor members, Connor Group owns the property at issue, Villages of Addison Apartments, a 264 unit apartment community located at 17671 Addison Road, Dallas, Texas (the "Property"). Specifically, Connor Group owns Villages of Addison Orchards, LLC and Villages of Addison, LLC, Delaware limited liability companies, which own the Property as tenants in common.

15. The Property was purchased by Connor Group on December 19, 2014 and inspections of the Property were conducted in October 2014. No damage to, or defect in, the roof was identified through those initial inspections.

16. On March 23, 2016, the Property was damaged by hail. The damage included, but was not limited to, damage to the roofs of the Property (the "Property Damage").

17. On November 21, 2016, Connor Group sold the Property to Advenir at Addison LLC ("Advenir").

18. Connor Group reported and submitted a claim for the Property Damage to the Insurers on December 28, 2016 ("the Claim").

19.     In response to the Claim, the Insurers retained York Risk Services Group, Inc. ("York") as its claims adjuster.  United Building Sciences ("UBS"), on behalf of York, conducted an inspection of the Property on January 3 and 4, 2017.

20.     At the request of Connor Group and Advenir, a joint re-inspection was performed on January 25, 2017.

21.     In conjunction with the sale of the Property to Advenir, Connor Group assigned the Claim to Advenir on February 9, 2017.

22.     Advenir assigned the Claim back to Connor Group on July 20, 2017 (the "Assignment").  A true and accurate copy of the Assignment is attached to the Complaint as Exhibit C.

23.     Contemporaneously with the assignment of the Claim back to Connor Group, Advenir and Connor Group executed a Fourth Amendment to the Agreement of Sale and Purchase ("Fourth Amendment").  Pursuant to the Fourth Amendment, in consideration for the Assignment, Connor Group agreed to release immediately to Advenir $500,000 in escrow funds previously deposited by Connor Group with Chicago Title Insurance Company.  Also pursuant to the Fourth Amendment, Connor Group has the sole right to receive any proceeds from the Claim and sole control over the litigation and resolution of the Claim.  A true and accurate copy of the Fourth Amendment is attached to the Complaint as Exhibit D.

## THE INSURERS REFUSE TO PAY FOR CONNOR GROUP'S LOSS

24.     Connor Group gave the Insurers timely notice of all loss related to the Property Damage.

25.     Connor Group timely filed proof of loss with the Insurers asserting a claim under the Policies by reason of the Property Damage.

26.     By letters dated February 6, March 10, and May 16, 2017, the Insurers denied their obligation to pay the Claim for loss suffered by reason of the Property Damage. True and accurate copies of the letters are attached to the Complaint as Exhibits E, F, and G, respectively.

27.     The Insurers argued that:  (1) the claimed loss pre-existed the inception of the Insurers' Policies; (2) the investigation revealed that the roofs "may have inherent defects that resulted in advanced wear and tear and deterioration of the roof conditions at the Property," and this condition "may implicate the Policy exclusion for damage due to latent defects or faulty materials used in construction or repair"; and (3) the anti-assignment provision in the Policies preclude transfer of Connor Group's rights and duties with respect to the Claim.  There is no legal or factual justification for any of the foregoing purported bases for denial of the claim.

28.     The Insurers also argued that the Property Damage is attributable to multiple hail events; therefore, the claim is subject to separate $500,000 deductibles, due to the events being treated as separate occurrences.  There is no legal or factual justification for this purported basis for denial of the claim, or the assertion that two deductibles are required under the Policies.

29.     The Insurers further based their refusal to pay the Claim on the assertion that there was no hail damage on the north and east slopes of the roofs, and therefore denied payment for replacement of these slopes.  There is no legal or factual justification for this purported basis for denial of the claim.

30.     The Insurers further provided an estimate of Property Damage that contravenes their obligations under the terms of the Policies.  In particular, the Insurers proposed weaving new shingles into old shingles rather than replacing the entire roof, as required under

6

the Policies. The Insurers' estimate of Property Damage also significantly undervalues the Property Damage and breaches the Insurers' obligations to repair or replace the Property with other property of like kind and quality. The Insurers' estimate of Property Damage proposes a replacement plan that is insufficient, unreasonable and unjustified for several reasons, including but not limited to, compromising the functionality of the roof, compromising the aesthetic quality of the Property, and failing to restore the Property to its pre-loss condition. A true and accurate copy of the estimate is attached to the Complaint as Exhibit H.

31.     The Insurers' coverage denial is without reasonable justification because the Policies expressly provide coverage for the Property Damage, and there is no reasonable justification for the purported bases on which the Insurers have denied payment of the Claim.

32.     By correspondence dated April 16, 2017, Connor Group and Advenir responded to the Insurers' denials explaining why the Insurers' purported reasons for refusing to perform their obligations under the Policies were incorrect, unjustified, and without a reasonable basis. A true and accurate copy of the correspondence is attached to the Complaint as Exhibit I.

33.     As of the filing of this Complaint, the Insurers have failed to pay or agree to pay Connor Group for the losses caused by and related to the Property Damage.

34.     Connor Group has performed all conditions precedent to its right to performance by the Insurers of their obligations under the Policies.

### FIRST CLAIM FOR RELIEF
**(Declaratory Judgment)**

35.     Connor Group incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully restated.

36.     An actual, continuing and substantial controversy exists between Connor Group and the Insurers regarding the rights of Connor Group and the obligations of the Insurers under the Policies with regard to the losses caused by the Property Damage.

37.     Connor Group has a direct and substantial interest in the resolution of this controversy regarding its rights and the obligations of the Insurers under the Policies. Connor Group maintains a direct interest in resolution of the Claim and full payment of all losses as required by the terms of the Policies. Pursuant to 28 U.S.C. § 2201 and Ohio Revised Code Chapter 2721, Connor Group is entitled to a judgment declaring that the Insurers are obligated under the Policies to pay Connor Group in full for the losses caused by the Property Damage.

38.     Connor Group requests a judicial determination by this Court that the Insurers are obligated under the Polices to pay Connor Group, in full, for all losses caused by the Property Damage, including replacement of the entire roof, and the Insurers may only apply one deductible to the Claim.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

39.     Connor Group incorporates the allegations of paragraphs 1 through 38 of this Complaint as if fully restated.

40.     Under the terms of the Policies, Lloyd's is required to pay Connor Group for 50% of all losses caused by the Property Damage.

41.     Under the terms of the Policies, Aspen is required to pay Connor Group for 50% of all losses caused by the Property Damage.

42.     Connor Group has performed all of its obligations and duties under the Policies issued by the Insurers to Connor Group.

43. Lloyd's and Aspen willfully and wrongfully breached the Policies. These breaches include, but are not limited to, the Insurers' unreasonable delay and baseless denials of payment to Connor Group and Advenir for the losses caused by the Property Damage.

44. As a proximate and legal result of the Insurers' breach of the Policies, Connor Group has suffered, and will continue to suffer, damages, including without limitation, the loss of insurance proceeds due Connor Group under the Policies, which the Insurers have wrongfully refused to pay; attorneys' fees incurred in connection with enforcement of the Policies' terms, which may have been avoided in whole or in part by the Insurers' timely payment of Connor Group's claims; and loss of escrow funds.

### THIRD CLAIM FOR RELIEF
### (Bad Faith)

45. Connor Group incorporates the allegations of paragraphs 1 through 44 of this Complaint as if fully restated.

46. Implied in the Policies issued to Connor Group is a covenant of good faith and fair dealing whereby the Insurers agreed that they would deal with Connor Group fairly and honestly and do nothing to interfere with, impair, hinder or potentially injure the rights of Connor Group to receive the benefits of its Policies. The Insurers must have a reasonable basis and justification for its actions toward its insured, Connor Group.

47. The Insurers' refusal to pay Connor Group for the losses and damages caused by the Property Damage is without reasonable justification, both legally and factually.

48. Upon information and belief, after receiving notice of the Property Damage, the Insurers did not engage in a good faith investigation of the Claim on the Policy. Despite retaining UBS to conduct an investigation, UBS's findings fail to support the defenses to

coverage raised by the Insurers, and the investigation consistently failed to acknowledge and consider the relevant and reliable evidence submitted by Connor Group and Advenir.

49.     The Insurers did not handle Connor Group's claim on the Policy in good faith, having not properly investigated the Claim, having not properly responded to Connor Group and Advenir's responses to the Insurers' denials, and having improperly delayed and denied payment.

50.     Under the terms of the Policies, the Insurers are required to pay for loss and damages as a result of Property Damage.  This right to payment for loss is significant due to the substantial repair costs and the decrease in market value of the Property as a result of the damage.  The Insurers' decision, without reasonable justification, to deny payment has deprived, and continues to deprive, Connor Group of its right to payment under the Policies, and it does so in a way that interferes with its ability to recover fair market value for the Property.

51.     As a direct and proximate result of the Insurers' bad faith refusal to pay, Connor Group has suffered, and is continuing to suffer, damages, costs, and other losses and has been or will be damaged in an amount to be proven at trial.

52.     The Insurers' refusal to pay demonstrates malice, aggravated or egregious fraud, oppression, and insult.  The Insurers' actions were undertaken with a conscious disregard for the rights of Connor Group, which had a great probability of causing substantial harm to it. The Insurers are deliberately holding back money that is currently owed to Connor Group for the purpose of protecting its own interests at the expense of its insured, and in violation of the terms of the Policies.

## PRAYER FOR RELIEF

WHEREFORE, Connor Group demands judgment as follows:

(a)     a declaration that the Insurers are obligated under their respective Polices to pay Connor Group in full for all losses caused by the Property Damage, including replacement of the entire roof, and the Insurers may only apply one deductible to the Claim;

(b)     enjoining the Insurers from delaying and denying payment for losses caused by the Property Damage;

(c)     awarding to Connor Group money damages against the Insurers in the amount of the Insurers' correct share of Connor Group's losses caused by the Property Damage, which amount exceeds $75,000;

(d)     on Connor Group's Third Claim for Relief, awarding to Connor Group punitive damages;

(e)     awarding to Connor Group pre- and post-judgment interest; and

(f)     awarding to Connor Group its costs, attorneys' fees, and such other relief as is necessary and appropriate.

Dated: July 24, 2017                         Respectfully submitted,


                                             /s/ Erin E. Rhinehart
                                             Erin E. Rhinehart (0078298)
                                                  Trial Attorney
                                             Amber M. Justice-Manning (0082301)
                                             FARUKI IRELAND COX
                                             RHINEHART & DUSING P.L.L.
                                             110 North Main Street, Suite 1600
                                             Dayton, OH  45402
                                             Telephone: (937) 227-3700
                                             Telecopier: (937) 227-3717
                                             Email: erhinehart@ficlaw.com
                                                  ajustice-manning@ficlaw.com

                                             Attorneys for Plaintiff The Connor Group, A
                                             Real Estate Investment Firm, LLC

## JURY DEMAND

The Connor Group demands a trial by jury on all issues triable to a jury.


                                             /s/ Erin E. Rhinehart
                                             Erin E. Rhinehart